# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NOS.  3:09-cr-00291; |
| | ) | 3:13-cr-00101 |
| TEQUILA MARSH, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Tequila Marsh's Motion and Supplemental Motion for Compassionate Release (Doc. Nos. 160 and 166),[1] to which the Government has responded in opposition (Doc. No. 168), and Ms. Marsh has replied (Doc. No. 174). The Government agrees that she has properly exhausted available administrative remedies, (Doc. Nos. 161 at 4; 168 at 4). Her Motion is ripe for a decision on the merits.

Ms. Marsh pled guilty to assaulting a federal officer with a dangerous weapon and failure to appear for sentencing. She was sentenced to a total 137-months imprisonment in 2013. (Case No. 3:09-cr-00291, Doc. No. 117; Case No. 3:13-cr-00101, Doc. No. 49.) According to her medical records, Ms. Marsh is diagnosed as obese with a body mass index ("BMI") of 37.[2] (Case No. 3:09-cr-00291, Doc. No. 171-1 at 64.) She also takes two medications as an iron deficient anemic. (Id. at 29, 63.)

---

[1] All docket citations are to Middle District of Tennessee Docket No. 3:09-cr-00291 unless otherwise noted.

[2] A BMI between 30 and 40 qualifies as "obese," and above 40 is "severe obesity." Ctrs. for Disease Control and Prevention, People with Medical Conditions, (updated Oct. 16, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#obesity.

She argues that her obesity and anemia are serious physical or medical conditions when considering her risk for illness if she contracts COVID-19. (Doc. No. 166 at 8–9.) Conditions that significantly increase one's risk of serious illness from COVID-19 may qualify for compassionate release as a serious physical or medical condition. Under 18 U.S.C. § 3582(c)(1)(A), the Court may grant compassionate release for a "serious physical or medical condition" that substantially diminishes a defendant's ability to provide self-care in prison, meaning that it is an uncontrolled or poorly managed condition. U.S.S.G. § 1B1.13 n.1(A)(ii); see United States v. DeMille, ___ F. Supp. 3d ___, 2020 WL 2992190, at *4 (D. Or. June 4, 2020).

Her anemia does not expose her to any increased risk to COVID-19 and is not a serious physical or medical condition. United States v. Wiggins, ___ F. Supp. 3d ___, 2020 WL 3987924, at *1 (W.D.N.Y. July 15, 2020). While obesity does place her at risk for severe illness from COVID-19 according to the Centers for Disease Control and Prevention, the overwhelming majority view in this Circuit is that obesity alone, without evidence of ill effects, is not adequate for compassionate release. E.g., United States v. Jenkins-Mills, No. 317CR00025TMRMRM2, 2020 WL 6146418, at *4 (S.D. Ohio Oct. 20, 2020); United States v. Tegeler, No. 3:15-CR-107, 2020 WL 5880962, at *3 (E.D. Tenn. Oct. 2, 2020); United States v. McKinnie, No. 1:16CR304, 2020 WL 5087058, at *2 (N.D. Ohio Aug. 27, 2020); United States v. Powers, No. 14-CR-20449, 2020 WL 5046886, at *5 (E.D. Mich. Aug. 26, 2020) (collecting cases denying compassionate release to inmates with obesity), reconsideration denied, No. 14-CR-20449, 2020 WL 5686770 (E.D. Mich. Sept. 24, 2020). There is no evidence presented that her obesity is poorly managed in prison or that it has any other impact on her health. Ms. Marsh's obesity is not an extraordinary and compelling reason for compassionate release.

2

She also raises concern about the conditions of her prison, FMC Carswell, during the pandemic, where six inmates have died from the virus and over 500 inmates were previously positive for COVID-19. (Doc. Nos. 166 at 4–5; 174 at 1.) However, her fear of contracting the virus at her facility is not a sufficient basis for compassionate release. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020); United States v. Franklin, ___ F. Supp. 3d ___, 2020 WL 4049917, at *2 (D.D.C. July 20, 2020) (internal quotations and alterations omitted) ("A general fear of contracting the virus is insufficient to grant compassionate release because, if it were sufficient, every inmate would qualify for immediate release or reduction in their sentence.").

For the above reasons, Ms. Marsh's Motion and Supplemental Motion for Compassionate Release (Doc. Nos. 160 and 166) are **DENIED**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE